IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CASE NO. 5-10-bk-07862 RNO |
| EXCEL STORAGE PRODUCTS, L.P., : | |
| : | CHAPTER 7 |
| Debtor : | |
| _____: | _____ |
| : | |
| WILLIAM G. SCHWAB, Trustee for the : | |
| Estate of Excel Storage Products, L.P., : | |
| : | |
| Plaintiff : | |
| v. : | |
| PEDDINGHAUS CORPORATION, : | |
| : | |
| Defendant : | ADVERSARY NO. 5-11-ap-00146 RNO |

# OPINION[1]

Pending before the Court is the Defendant, Peddinghaus Corporation's ("Peddinghaus"), Motion to Dismiss the Complaint for Preferential Transfer filed by the Plaintiff, William G. Schwab, Trustee for the Estate of Excel Storage Products, L.P. ("Trustee"). The Motion to Dismiss alleges: (1) improper venue and (2) that the amount of the preference is less than the statutory limit set by 11 U.S.C. § 547(c)(9). For the reasons set forth below, the Motion to Dismiss is denied in part and granted in part.

**I.    Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F).

---

[1]    Drafted with the assistance of Ryan B. White, Esquire, Law Clerk.

1

## II. Facts and Procedural History

This case has a somewhat uncommon history. The bankruptcy case began on September 27, 2010, when an involuntary Chapter 11 petition was filed against the Debtor, Excel Storage Products, L.P., Case No. 5:10-bk-07862 ("Debtor"). The Debtor, subsequently, filed a voluntary Chapter 7 petition, Case No. 5:10-bk-08141. On October 12, 2010, by stipulation, the involuntary and the voluntary cases were consolidated. It was further stipulated that the Debtor would, for all purposes, be considered as having filed a Chapter 7 case from September 27, 2010.

Several months later, on February 16, 2011, this Adversary Proceeding was commenced within the consolidated bankruptcy case when the Trustee filed a Complaint against Peddinghaus pursuant to 11 U.S.C. § 547[2] to avoid and recover a preferential transfer. Allegedly, Peddinghaus received a check in the amount of $3,987.06 on July 30, 2010, a date within 90 days of the petition in the underlying bankruptcy case. The Trustee has also alleged that the Debtor was insolvent at the time of the alleged transfer and that the transfer allowed Peddinghaus to receive more than it would have received as an unsecured creditor had the transfer not been made.

Peddinghaus has moved to dismiss the Complaint on two grounds. First, that venue is improper because the action is for a business debt less than the threshold amount in 28 U.S.C. § 1409(b); therefore, it argues venue is only proper in the Central District of Illinois where it resides. Peddinghaus maintains that the 28 U.S.C. § 1409(b) exception is designed to protect small claim defendants from the home court advantage granted the trustee by the general venue

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

rule in 28 U.S.C. § 1409(a). Secondly, Peddinghaus claims that the amount sought to be recovered by the Trustee is beneath the $5,850.00 recovery limit of § 547(c)(9) of the Bankruptcy Code.

The Trustee asserts that venue in this District is proper under 28 U.S.C. § 1409(a), that the venue exception in 28 U.S.C. § 1409(b) is only applicable to cases which "arise in" or are "related to" a bankruptcy case, and that an action pursuant to § 547 is a proceeding which "arises under" the Bankruptcy Code. The Trustee further asserts that the plain language of § 547(c)(9) limits the applicability of safe harbor only to cases "filed by a debtor". Since this case began involuntarily, and was filed by creditors, the Trustee argues that the plain language of the statute makes the provision inapplicable here.

On August 22, 2011, Peddinghaus and the Trustee filed a Stipulation of Facts for the Purposes of Venue. In part, the stipulation provides that Peddinghaus is a Delaware corporation and its sole manufacturing facility, corporate office and principle place of business is located in Bradley, Illinois.

**III. Discussion**

**A. Improper Venue**

Peddinghaus has moved to dismiss this case for improper venue, which is permissible pursuant to Fed. R. Civ. P. 12(b)(3), made applicable to adversary proceedings by Fed. R. Bank. P. 7012(b)(3). Upon filing a motion to dismiss for improper venue, "the movant has the burden of proving the affirmative defense asserted by it." *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1983). Yet, "[w]here a defendant raises the defense of improper venue, the plaintiff has the burden of proving that venue is proper." *Bayview Plaza Associates, L.P. v. Town*

3

*of North East, Maryland (In re Bayview Plaza Associates, L.P.)*, 209 B.R. 840, 843 (Bankr. D.Del. 1997).

According to 28 U.S.C. § 1409(a), venue in an adversary proceeding is generally proper in the district court in which a bankruptcy case is pending – the Trustee has so asserted in this case. *See Dynamerica Mfg. LLC v. Johnson Oil Co., LLC*, 2010 WL 1930269, 1 (Bankr. D.Del. 2010). Section 1409(a) provides:

> Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.

28 U.S.C. § 1409(a). However, Peddinghaus argues that this case is subject to the exception found in subsection (b) which provides:

> Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,175 or a consumer debt of less than $17,575, or a debt (excluding a consumer debt) against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409(b). Peddinghaus maintains that this is a proceeding to recover a debt against a noninsider of only $3,987.06, substantially less than the $11,725.00 limit. Therefore, venue is only appropriate in the district where Peddinghaus resides, the District Court of Central Illinois. Peddinghaus has also explained that this position finds support in the legislative history of the statute, it argues that Congress created this provision to assist small creditors by granting them venue protection.

The Trustee claims that the terms "arising in" and "related to" found in the statute are distinct bankruptcy terms of art; he contrasts them from another term of art "arising under",

4

which is missing from the statute. He explains that a preference action is not a proceeding that "arises in" nor is it "related to" the bankruptcy case, but rather it "arises under" the Bankruptcy Code. Thus, the Trustee contends 28 U.S.C. § 1409(a) governs this case and venue is appropriate in this Court.

1. **The Courts Have Split on the Applicability of the Venue Exception**

These opposing positions concerning the applicability of the venue exception in 28 U.S.C. § 1409(b) present an unsettled bankruptcy question on which there is a split in authority amongst the courts which have considered it. On this point, there is no binding precedent in the Third Circuit. However, Bankruptcy Judge Gross from the District of Delaware has issued an unpublished opinion *Dynamerica*, where he held, in accordance with Peddinghaus's position, that, "the venue provisions of Section 1409(b) apply to avoidance actions". *Dynamerica Mfg. LLC v. Johnson Oil Co., LLC*, 2010 WL 1930269, 3 (Bankr. D.Del. 2010).

The Trustee's position is supported by several courts which have held that the venue exception in 28 U.S.C. § 1409(b) does not apply to preference actions. See *Sunbridge Capital, Inc., v. Gulf City Body & Trailer Works, Inc., (In re Sunbridge Capital, Inc.)*, - - - B.R. - - -, 2011 WL 3236478 (Bankr. D.Kan. 2011); *Moyer v. Bank of America, N.A. (In re Rosenberger)*, 400 B.R. 569 (Bankr. W.D.Mich. 2008); *Ehrlich v. American Express Travel Related Services Company, Inc. (In re Guilmette)*, 202 B.R. 9 (Bankr. N.D.N.Y. 1996); *Van Huffel Tube Corp. v. A & G Industries (In re Van Huffel Tube Corp.)*, 71 B.R. 155 (Bankr. N.D.Ohio 1987); *In re Century Forest Products, Inc.*, 2009 WL 4839704 (Bankr. M.D.N.C. 2009); *In re Nashmy*, 2007 WL 2305672 (Bankr. D.N.M. 2007); and, *In re Brown*, 1988 WL 1571404 (Bankr. S.D. Iowa 1988).

5

The first case that endorsed this position was *In re Van Huffel Tube Corp.*, decided in 1987. The court found a distinction in the statute between proceedings "arising under Title 11" found in subsection (a) and proceedings "arising in or related to a case under Title 11" found in subsection (b). The Court explained that the statute used specific bankruptcy terms of art:

> To ignore the "arising under" language found in Section 1409(a) and to refuse to make the distinction between the "arising under," "arising in," and "related to" language found in the various jurisdictional and venue provisions relating to bankruptcy courts would be to ignore Congressional intent as set forth in the legislative history of those statutes.

*Van Huffel*, 71 B.R. at 157.

Subsequent cases endorsing the *Van Huffel* position have also found that Congress acted intentionally by leaving the words "arising under" out of the language adopted in 28 U.S.C. § 1409(b). "Congress' omission of proceedings which 'arise under' title 11 from the limitations on venue found in 28 U.S.C. § 1409(b) was deliberate, . . ." *In re Rosenberger*, 400 B.R. at 573. Also, "the Court presumes that Congress acted intentionally and purposely in the exclusion." *Guilmette*, 202 B.R. at 13.

On the other hand, there are several other courts which have found that the 28 U.S.C. § 1409(b) venue exception applies to avoidance actions, including: *In re Greiner*, 45 B.R. 715 (Bankr. N.D. 1985); *In re Little Lake Industries, Inc.*, 158 B.R. 478 (9th Cir. B.A.P. 1993) affirming; *In re Little Lake Industries, Inc.*, 146 B.R. 463 (Bankr. N.D.Cal. 1992); and, *In re Raymond,* 2009 WL 6498170 (Bankr. N.D.Ga. 2009).

*Greiner* was the first of these cases decided. The court explained that 28 U.S.C. § 1409(b) creates a mandatory exception in the case of recovery of small claims by the trustee, and thus, held that venue in a suit to recover a preferential transfer was only available in the

6

district where the creditor resides.  But, *Greiner* has been criticized because it failed to discuss the terms of art, "arising under," "arising in," and "related to."

In contrast, the *Little Lake* decisions did discuss the terms of art.  The Bankruptcy Court found it proper to interpret the statute according to its plain meaning, and not according to semi-secret "terms of art" which can only be gleaned from legislative history or an insider's knowledge of bankruptcy law.  *Little Lake* (Bankr.), 146 B.R. at 464.  Additionally, the Bankruptcy Court explained that there was nothing "which mandates that an action may not be considered 'arising in' a bankruptcy or 'related to' a bankruptcy merely because it also 'arises under' Title 11, nor are these terms anywhere statutorily defined as mutually exclusive."  *Id*.

The 9th Circuit B.A.P. affirmed the Bankruptcy Court's decision in *Little Lake* on appeal.  The B.A.P. concluded its inquiry into the statute stating "the terms 'arising under' and 'arising in' cannot be interpreted as mutually exclusive, and their use in § 1409 as a whole does not indicate that the elliptical omission in subsection (b), whether intended or inadvertent, operates to exclude a class of cases thereunder."  *Little Lake* (B.A.P.), 158 B.R. at 484.

This line of reasoning has found additional support in the alleged purpose of amendments to 28 U.S.C. § 1409(b) made in 2005.  As articulated in *Dynamerica*:

> The purpose of Section 1409(b), as amended, is to protect small claim creditor defendants who do not reside in the district where the bankruptcy case is filed from having to defend an adversary proceeding in the "home court."  [. . .]  As stated in the legislative history, amending Section 1409(b) was to "prevent unfairness to distant debtors of the estate, when the cost of defending would be greater than the cost of paying the debt owed."

*Dynamerica Mfg. LLC v. Johnson Oil Co., LLC*, 2010 WL 1930269, 2 (Bankr. D.Del. 2010) (internal citations omitted).

7

### 2. Analysis of 28 U.S.C. § 1409

#### a. The Language of the Statute

Without binding precedent on this matter, my analysis should begin with the language of the statute. See *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (It is well settled that analysis of the meaning of a statute begins with its plain language.) The statute which is at issue here is 28 U.S.C. § 1409. Subsections (a) and (b) provide:

> (a) Except as otherwise provided in subsections (b) and (d), a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending.
>
> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,175 or a consumer debt of less than $17,575, or a debt (excluding a consumer debt) against a noninsider of less than $11,725, only in the district court for the district in which the defendant resides.

28 U.S.C. § 1409. The words used in the statute: "arising under", "arising in", and "related to" are unambiguous and well established bankruptcy terms of art. In 2006, the Third Circuit reiterated their long established definitions:

> A case "arises under" title 11 if it invokes a substantive right provided by title 11. [. . .] The category of proceedings "arising in" bankruptcy cases includes such things as administrative matters, orders to turn over property of the estate and determinations of the validity, extent, or priority of liens. Proceedings "arise in" a bankruptcy case, if they have no existence outside of the bankruptcy. Finally, a proceeding is "related to" a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

*Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006) (internal quotations and citations omitted).

8

In this case, the Trustee has brought an action to recover a preference pursuant to § 547 of the Bankruptcy Code. An action to recover a preference is a substantive right which is provided for, and only arises by operation of Title 11, and thus, is the a type of proceeding which "arises under" the Bankruptcy Code. See *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996), quoting *In re Wood*, 825 F.2d 90 (5th Cir. 1987) (an action by the trustee to avoid a preference is a right created by the federal bankruptcy law). The Third Circuit is not alone in this finding, "[e]very Court of Appeals which has examined the question has held that a matter invoking a 'substantive right created by federal bankruptcy law,' such as a preference recovery, is a matter 'arising under the Bankruptcy Code.' " *Rosenberger*, 400 B.R. at 572-573, citing *Browning v. Levy*, 283 F.3d 761, 773 (6th Cir. 2002). In accordance with the Third Circuit and the other Courts of Appeal, I find that an action to recover a preference is a proceeding that arises under the Bankruptcy Code.

Since a preference action arises under the Bankruptcy Code, it does not fit within the exception of 28 U.S.C. § 1409(b), which is limited by its plain language to proceedings which "arise in" or are "related to" a bankruptcy case. Instead, it fits precisely within the language used in 28 U.S.C. § 1409(a), which provides venue for proceedings "arising under title 11". The Supreme Court has instructed, when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 452, 122 S.Ct. 941, 951 (U.S. 2002). Here, it must then be presumed that Congress acted purposefully with its disparate inclusion and exclusion of the term "arising under", from subsections (a) and (b). The disparate use of an unambiguous and well defined

9

bankruptcy term of art must be interpreted as an indication of Congressional intent that preference actions be excluded from the venue exception in subsection (b), where it included the same language in the general venue provision in subsection (a). I am compelled to hold that the statute unambiguously excludes preference actions from the venue exception, thus, venue is appropriate in this Court, where the case is pending.

### b. The Legislative History

The rules of statutory interpretation indicate that where the language of the statute is plain, the inquiry is complete. However, in rare cases where the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, then the intention of the drafters controls. See *Dodd v. United States*, 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005); and *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (U.S. 1989). The legislative history of 28 U.S.C. § 1409(b) does not demonstrate that the statute should be interpreted other than according to its plain language.

The forerunner to 28 U.S.C. § 1409 was 28 U.S.C. § 1473. It was enacted in 1978 as part of the Bankruptcy Reform Act. In its original enactment, the language "arising under" was not included in either of subsections (a) or (b). Instead, both subsections applied equally to cases "arising in or related to" a bankruptcy case; the exception was applicable only when a proceeding was commenced for an amount less than the monetary limit. See 28 U.S.C. § 1473(a) and (b) (1978) (reprinted in A Colliers on Bankruptcy, App. Pt. 4(a), App. Pt. 4-169 and-170), see also *Sunbridge Capital*, 2011 WL 3236478 at 4. In 1984, the venue provisions formerly in 28 U.S.C. § 1473 were relocated to 28 U.S.C. § 1409; the text was also amended, and the statute took its shape much as it exists today. The language "arising under" was added to

10

subsections (a) and (d), but not to subsections (b) and (c). See 28 U.S.C. § 1409 (1984) (reprinted in E-1 Collier App. Pt. 6(a), App. Pt. 6-3 and -4). This amendment led one court to explain, "[t]he addition of "arising under" to only two subsections of § 1409 lends support to the argument that the omission of "arising under" in subsection (b) was intentional." *Sunbridge Capital*, 2011 WL 3236478 at 5. The 1984 iteration of the statute produced the initial split in interpretation of subsection (b)'s exception more fully discussed above. Since the 1984 amendment, other than increases to the monetary limits, 28 U.S.C. § 1409 was not amended until BAPCPA was passed in 2005.

As correctly discussed by Peddinghaus, the impetus to amend the venue provision began in the late nineties with a desire to better protect small trade creditors from preference actions. Def.'s Br. 1, 4-5; see Charles J. Tabb, *The Brave New World of Bankruptcy Preferences*, 13 Am. Bankr. Inst. L. Rev. 425, 425-426 (2005). The impetus to protect small trade creditors in preference actions ultimately found its way into a report sent to Congress by the National Bankruptcy Review Commission. The report included 170 recommendations for improving bankruptcy law and procedure, and recommended: "28 U.S.C. § 1409 should be amended to require that a preference recovery action against a non-insider seeking less than $10,000 must be brought in the district where the creditor has its principal place of business. This Recommendation applies to non-consumer debts only." *Id*. at 427, quoting Nat'l Bankr. Rev. Comm'n, *Bankruptcy: The Next twenty years, Final Report* (1997).

Section 1409 was proposed to be amended as part of the Bankruptcy Reform Act of 1998, which was the first proposed legislation starting the journey which ultimately led to BAPCPA. The first statement of Congressional intent concerning the amendment to § 1409 was:

11

> Section 208. Venue of certain proceedings
> Section 208 amends the venue provisions for *preferential transfer* actions. A *preferential transfer* action in the amount of $10,000 or less must be filed in the district where the defendant resides. Currently, this amount is fixed at $1,000.

H.R. Rep. No. 105-540, at 101 (1998) (emphasis added). A footnote within that section of the House Report referenced that the changes were in part because of the recommendation of The National Bankruptcy Review Commission. Additionally, during hearings before the House Judiciary subcommittee, virtually every witness who mentioned changes to 28 U.S.C. § 1409 referred to is as the preference amendment. See Catherine E. Vance, *Conventional Wisdom and the "Preference Venue" Amendment*, Preference Quarterly Law Journal (Jul. 2006), 1, 2, http://www.preferencequarterly.com/journals/Vol2_No3.pdf. So, early in the adoption of what later became the BAPCPA amendments, the Congressional intent appears to have been clear, to adopt the suggestions of The National Bankruptcy Review Commission. Congress appears to have desired that low dollar preference actions be filed in the defendant's home district. This intent appears to have remained in further consideration by Congress of other iterations of the Bankruptcy Reform Act through 2003. See *Id.* at 5, fn 7, citing H.R. Rep. No. 108-040, at 193 (2003); H.R. Rep. No. 105-540, at 94 (1998) (regarding H.R. 3150, 105th Congress (1998)); H.R. Rep. No. 106-123 Part I, at 95 (1999) (regarding H.R. 833, 106th Congress (1999)); H.R. Rep. No. 107-617, at 228 (2002) (regarding H.R. 333, 107th Congress (2002)).

Curiously then, the intent seemed to vanish with the adoption of BAPCPA. The House Report concerning the amendments to 28 U.S.C. § 1409 states:

> Sec. 410. Venue of Certain Proceedings. Section 1409(b) of title 28 of the United States Code provides that a proceeding to recover a money judgment of, or property worth less than, certain specified amounts must be commenced in the district where the defendant

12

> resides. Section 410 amends section 1409(b) to provide that a
> proceeding to recover a debt (excluding a consumer debt) against a
> noninsider of the debtor that is less than $10,000 must be
> commenced in the district where the defendant resides. In
> addition, section 410 increases the $5,000 threshold for a consumer
> debt to $15,000.

H.R. Rep. No. 109-31(I), at 68 (2005). Gone is any reference to preferential transfers as existed in the previous House Reports. As one commentator states, "The BAPCPA House Report purged any reference to 'preferential transfer actions' and instead describes the venue amendment in a manner so benign that it does nothing but restate the amendment's language." Vance, supra at 5. This change in the language of the House Report does not conclusively signal that Congress intended to abandon the earlier suggested intent. But, it is at the least puzzling, and in the end it is insufficient to suggest that the Congressional intent is demonstrably at odds with what the language of the statute requires.

As the U.S. Supreme Court has noted, "[i]f Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent." *Lamie v. U.S. Trustee*, 540 U.S. 526, 542, 124 S.Ct. 1023, 1034, 157 L.Ed.2d 1024 (2004). It is beyond the province of the Courts to rescue Congress from its drafting errors, and to provide for what they might think is the preferred result. See *U.S. v. Granderson*, 511 U.S. 39, 68, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (concurring opinion). This allows both branches of the government to adhere to our respected, and respective, constitutional roles. *Lamie*, 540 U.S. at 542.

At bottom, I find that the language of 28 U.S.C. § 1409 is plain and unambiguously excludes preference actions from the venue exception in subsection (b). Venue is, thus, appropriate in this Court and the Motion to Dismiss for Improper Venue is denied.

13

## B. 11 U.S.C. § 547(c)(9)

Alternatively, Peddinghaus has moved to dismiss this case because the amount the Trustee claims as an alleged preference of $3,987.06 is well within the monetary limits of the safe harbor in § 547(c)(9) of the Code. Section 547(c) relevantly states:

> (c) The trustee may not avoid under this section a transfer—
>
> (9) if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850.

11 U.S.C. § 547(c)(9). The language of the statute has been found to be plain and "provides a monetary threshold for determining which transfers are avoidable in nonconsumer bankruptcy cases." *In re Bay Area Glass, Inc.,* 2011 WL 3243560, 2 (9th Cir. B.A.P. 2011). Simply put, even when a trustee could otherwise make a recovery, the section protects transfers less than $5,475 in amount, while transfers of $5,475 or more are avoidable. *Id.* See also, 547 Collier on Bankruptcy P 547.04[9].

The parties here do not dispute that the amount in question is less than $5,475.00, and that this is a non-consumer case. But, the Trustee argues that this section is not applicable to this case because the case began as an involuntary filing by creditors, and thus, it is not a case that was filed by a debtor. This issue appears to be a matter of first impression which has not been addressed by any other courts. Yet, in the interest of judicial restraint, I do not reach it. The Trustee is correct, this case began with an involuntary Chapter 11 petition which was filed against the Debtor, on September 27, 2010. However, a few days later, on October 1, 2010, the Debtor filed its own Chapter 7 petition. It was because of that voluntary petition that the Trustee became involved in this case. The Debtor also filed a Motion in the involuntarily filed case for

14

this Court to enter an order for relief and convert it to a proceeding under chapter 7. At the time of the hearing on that Motion, the Trustee, as well as attorneys for the other involved parties, reported that the Motion was settled and that a stipulation would be filed with the terms of the settlement. In fact, it was the Trustee himself who filed the stipulation on October 12, 2010, which he had signed, along with the attorneys for the Debtor, the Petitioning Creditors, and the U.S. Trustee. The Trustee also included a proposed order granting the stipulation. On that same day, I entered an order substantially the same as that which was proposed by the Trustee. Both the proposed order, and the Order entered approving the stipulation read, in paragraph 4: "The Debtor shall be, for all purposes, considered as having filed a Chapter 7 case from September 27, 2010." See Case 5:10-bk-07862, Doc. No. 58, and Doc. No. 57-1.

In the end, I find that it is already law of this case that this case should be considered as having been filed by the Debtor. Thus, I need not decide whether § 547(c)(9) is applicable in a case which was not filed by the debtor. "This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint - if it is not necessary to decide more, it is necessary not to decide more - counsels [me] to go no further." *PDK Laboratories Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. 2004). Accordingly, the Defendant's Motion to Dismiss the case under § 547(c)(9) is granted.

### IV. Conclusion

Consistent with the reasoning given above, the Defendant's Motion to Dismiss for

15

improper venue is denied, and the Motion to Dismiss pursuant to § 547(c)(9) is granted. This Adversary Proceeding will be dismissed. An Order will be entered consistent with this Opinion.

By the Court,

Date: September 16, 2011

*Robert N. Opel, II, Bankruptcy Judge*
(BI)